UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                        )
CRAIG A. GREENE                         )
        Plaintiff,                      )
                                        )          CIVIL ACTION
v.                                      )          NO. 06-11693 EFH
                                        )
JOSHUA FISHBEIN et al.                  )
        Defendants.                     )
_____ )

**MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

Defendants Joshua Fishbein and Alan LeBovidge (collectively, the "State Defendants")[1],

submit this memorandum of law in support of their motion to dismiss plaintiff's Complaint.  As

grounds for their motion for dismissal, the State Defendants state that:

1.  The Eleventh Amendment to the United States Constitution bars the Complaint

    against the State Defendants their official capacities;

2.  The Complaint must be dismissed against the State Defendants because none is a

    "person," within the meaning of that term in 42 U.S.C. § 1983, who may be held

    liable;

3.  Defendant Fishbein is entitled to absolute prosecutorial immunity;

4.  The State Defendants have taken no action to deprive the Plaintiff of his civil

    rights;

---

[1] Plaintiff served an undated Amendment to his complaint, which "withdraws Governor Mitt Romney and Attorney General Thomas P. Reilly names from the complaint as Defendants, and remains as indispensable parties to the action." (sic).  We interpret this to mean that Romney and Reilly have been dismissed as parties to the action.  If, however, the Plaintiff or the Court considers Romney and Reilly to remain parties to the action, this motion is made on their behalf as well, as part of the group of State Defendants.

5.  The State Defendants, in their individual capacities, are entitled to qualified immunity; and

6.  The Complaint does not comply with Fed. R. Civ. Pro. 8(a) and (e), and fails to state a claim showing the Plaintiff is entitled to relief from the State Defendants.

## BACKGROUND

The Complaint contains no recitation of facts[2].  Plaintiff alleges that certain of the Defendants[3] improperly withheld Plaintiffs December 1995, December 1996, and December 1997 tax refunds discriminatorily, by conspiracy, and in violation of Plaintiff's rights to due process of law.  [Complaint, Counts 1-3].  The Complaint contains no allegations supporting the conclusory claims of racial discrimination or conspiracy. Plaintiff also alleges that Defendant Sutton falsified the paternal claim against the Plaintiff; it is unclear what, if any, role the remaining Defendants are alleged to have played in this transaction.  [Complaint, Count 4].  The Complaint does not contain any specific allegations as to the particular State Defendants' roles or actions with respect to any of the Counts.

Plaintiff does not specify whether his action is brought against the State Defendants in their individual or official capacities.  Because the crux of the complaint, the alleged seizure of tax refunds to satisfy child support obligations, pertains to the State Defendants in their capacities as government employees, we construe the Complaint as being brought against the State Defendants in their official capacities. However, in the event that the Court construes the action to have been brought against the State Defendants in their individual capacities, this

---

[2] The Complaint consists only of an introductory paragraph and four numbered counts. Although each numbered count appears three times, the substance of the counts appears to be the same in each repetition, and we therefore treat the complaint as having four counts.
[3] Plaintiff's generic references to "Defendants Etal" (sic) make it difficult to discern what, if any, role in the alleged wrongdoing is ascribed to each defendant.

Motion and Memorandum also set forth grounds for dismissal of the State Defendants in their individual capacities.

## ARGUMENT

I.     Standard of Review

Rule 12(b)(2) of the Federal Rules of Civil Procedure requires dismissal of any claims against a defendant over whom this Court has no personal jurisdiction.  Fed.R.Civ.P. 12(b)(2).  The Eleventh Amendment to the United States Constitution prohibits plaintiffs from pursuing claims against any of the States in the Federal Courts of the United States, unless the State has consented to be sued.  Alabama v. Pugh, 438 U.S. 781, 782 (1987) (*per curiam*).  Neither the State nor its officials, when named in their official capacities, may properly be subjected to suit in the Federal Courts of the United States.  Kentucky v. Graham, 473 U.S. 159, 167 (1985).  Indeed, under the Eleventh Amendment to the United States Constitution, States are not considered "'persons' subject to a federal suit for money damages under the civil rights act."  Will v. Michigan Department of State Police, 491 U.S. 58, 70 (1989).  See also Jones v. City of Boston, 2004 WL 1534206, *2 (D.Mass. 2004).  Nor is an individual state employee, when named in her official capacity, a "person" for the purposes of § 1983 liability.  Will, 491 U.S. at 71.  Accordingly, the Complaint for violation of 42 U.S.C. § 1983 must be dismissed against the State Defendants in their official capacities.

Additionally, in assessing the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), a decision to dismiss should only be made where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle her to relief.  Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988).  Here, it is clear that plaintiff has failed to

articulate any cause of action that would entitle him to relief.  Accordingly, the Complaint should be dismissed in its entirety.

      II.      <u>Federal Rule of Civil Procedure 12(b)(2) requires dismissal of the claim against the State Defendants in their official capacities.</u>

          A.      <u>Plaintiff's claims against the State Defendants in their official capacities are barred by the Eleventh Amendment to the United States Constitution.</u>

The Eleventh Amendment to the United States Constitution provides that States are not subject to suit in the Federal Courts of the United States.  Instead, the States are entitled to sovereign immunity.  The Federal Courts have long held that they lack jurisdiction to entertain suits against individual States, unless the State has waived its immunity.  <u>See</u>, <u>e.g.</u>, <u>Seminole Tribe of Florida v. Florida</u>, 517 U.S. 44, 54 (1996), <u>quoting</u> <u>Hans v. Louisiana</u>, 134 U.S. 1, 15 (1890) (noting that "[f]or over a century we have reaffirmed that federal jurisdiction over suits against unconsenting states 'was not contemplated when establishing the judicial power of the United States'").  <u>See also</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 167 n. 14 (1985) ("[u]nless a State has waived its Eleventh Amendment immunity or Congress has overridden it,… a State cannot be sued directly in its own name regardless of the relief sought").

Plaintiff has not alleged, nor could he successfully allege, that any of the State Defendants have waived their official capacity immunity for the type of claims plaintiff brings here.  The Complaint must, therefore, be dismissed under the Eleventh Amendment to the United States Constitution.

          B.      <u>None of the State Defendants, in their official capacity, is subject to liability under 42 U.S.C. § 1983.</u>

Additionally, assuming for the purposes of this section, that the Complaint states a claim under 42 U.S.C. § 1983 for a violation of plaintiff's civil rights, such claim may not be pursued against the State Defendants in their official capacities.  Section 1983 claims lie only against

"persons." 42 U.S.C. § 1983.  For the purposes of § 1983, the Supreme Court has held that

States, including state officials in their official capacities, are not persons.  Will, 491 U.S. at 71.

Accordingly, plaintiff's claims must be dismissed against the State Defendants in their official

capacities.

      III.     Defendant Fishbein is entitled to absolute prosecutorial immunity.

      Although the Complaint does not allege any specific behavior on the part of Defendant

Fishbein, his inclusion as a Defendant is presumably related to his pursuit, as an attorney for the

Department of Revenue's Child Support Enforcement division, of child support on behalf of the

Plaintiff's child.  As such, Fishbein is entitled to absolute immunity from litigation for actions

arising from his advocacy and litigation duties.

      It is settled that criminal prosecutors are entitled to absolute immunity from suit under

Section 1983.  Pachtman v. Imbler, 424 U.S. 409 (1976).  The Supreme Court held that this well-

established common law immunity survived the passage of Section 1983, because "harassment

by unfounded litigation would cause a deflection of the prosecutor's energies from his public

duties, and the possibility that he would shade his decisions instead of exercising the

independence of judgment required by his public trust."  Imbler at 423.  Although Fishbein, as an

attorney with the Child Support Enforcement Division of the Department of Revenue, is not a

criminal prosecutor, the same policy concerns underlying the prosecutorial immunity apply.  One

has only to imagine the result if every attorney seeking redress for the state and for individuals in

paternity and child support enforcement were subject to suit by disgruntled parents.  Indeed, the

Massachusetts Supreme Judicial Court has extended the absolute prosecutorial immunity under

Section 1983 to all government litigators, so long as the actions at issue are a part of the

litigator's performance of her duties.  Dinsdale v. Commonwealth, 424 Mass. 176, 180-81

(1997).  The extension grew from the same concern underlying immunity for a criminal

prosecutor: that "conducting civil litigation on behalf of the government poses obvious risks of

entanglement of such attorneys in vexatious and burdensome litigation by disgruntled litigants."

Id. at 181.  As such, Fishbein is entitled to absolute immunity from litigation and all counts

against him should be dismissed.

IV.     Plaintiff's claims must be dismissed because the State Defendants have taken no action to deprive him of his civil rights.

At its most basic, the Complaint alleges that the Plaintiff is somehow aggrieved because

of an allegedly improper withholding of Plaintiff's income tax refunds for the years 1995, 1996,

and 1997 to satisfy child support obligations.  However, use of the tax intercept program, by

which the state or federal government may intercept tax refunds to satisfy child support

obligations, is explicitly authorized in both state and federal statutes.  See 26 U.S.C.A. § 6402(c);

Mass. Gen. Laws. c. 119A, § 6.  Those authorizing statutes also contain procedures for notice

and due process; the complaint makes no allegation that the statutory requirements were not met

in this case.  Id.  Absent specific allegations that the statutory provisions were breached, the

Plaintiff cannot maintain a claim for relief based solely on the allegation that his tax refunds

were intercepted to satisfy child support obligations[4].

V.      Even if the complaint states a cause of action, the State Defendants, in their individual capacities, are entitled to qualified immunity.

As set forth above, the Complaint contains no allegations of any action by the State

Defendants that would violate Plaintiff's rights.  As such, the State Defendants are entitled to

qualified immunity.

---

[4] The State Defendants assume, for the purposes of this motion to dismiss, that Plaintiff's allegations are true and his tax refunds were intercepted for this reason.

The qualified immunity analysis requires examination of three questions. First, the Court must determine whether the actions taken by the government official resulted in a constitutional violation. Second, the Court "asks whether the law was clearly established at the time of the constitutional violation." <u>Savard v. Rhode Island</u>, 338 F.3d 23, 27 (1st Cir. 2003). Finally, the Court queries whether a "reasonable official, situated similarly to the defendant(s), would have understood that the conduct at issue contravened the clearly established law." <u>Id.</u> Applying that line of questioning here establishes that the State Defendants are entitled to qualified immunity.

As demonstrated above, the statutes and case law support the State Defendants' actions. No reasonable, similarly situated official could have understood the tax intercept to violate Plaintiff's rights. Examining the outcomes in those cases, a reasonable official, situated similarly to any of the State Defendants, would not have viewed the tax intercept as constitutionally impermissible. Accordingly, the State Defendants, in their individual capacities, are entitled to qualified immunity.

VI.    <u>Federal Rule of Civil Procedure 12(b)(6) requires dismissal of the claims because the Complaint fails to meet the minimum pleading requirements of Federal Rules of Civil Procedure 8(a) and (e).</u>

Fed. R. Civ. Pro. 8(a) requires that a pleading set forth "a short and plain statement of the grounds upon which the court's jurisdiction depends" and "a short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Fed. R. Civ. Pro. 8(e) requires that "[e]ach averment of a pleading be simple, concise, and direct." Rule 41(a)(2) provides that "[f]or failure of the plaintiff … to comply with these rules or any order of the court, a defendant may move for dismissal under this subdivision …" The purpose of this requirement is to "give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Ecuadores Puertorriquenos en Accion v. Hernandez</u>, 367 F. 3d 61, 66, citing <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957). Although heightened pleading standards for civil rights cases are no

longer applied, "[t]he complaint should at least set forth minimal facts as to who did what to whom, when, where, and why …" Ecuadores at 68.

The instant Complaint fails even to meet this minimal pleading standard. Although multiple State Defendants are named, the complaint contains no allegations of "who did what to whom, when, where, and why" as to any of the State Defendants. Nowhere in the complaint does the Plaintiff delineate which of the State Defendants is alleged to have done what. Although the Plaintiff alleges racial discrimination, he does not reveal the basis for this allegation and puts forth no facts demonstrating any discriminatory behavior or pretextual action by the State Defendants. Plaintiff makes passing allusions to the State Defendants tampering with tax refunds, engaging in a conspiracy, and "enabl[ing] and support[ing] the nefarious procedures and tactics set forth in this complaint" but recites no facts that would even minimally support those claims. The Court is not required to "conjure up unpleaded facts to support . . . conclusory [allegations]." Hurney v. Carver, 602 F.2d 993, 995 (1st Cir. 1979). Relaxed standards for pleading notwithstanding, the Court should continue to "eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets" and, accordingly, dismiss all counts of this complaint. Ecuadores at 68.

## CONCLUSION

Defendants are entitled to dismissal of the Complaint for the reasons set forth above. First, the State Defendants are entitled to immunity under the Eleventh Amendment to the United States Constitution. Second, the State Defendants are not persons for the purposes of 42 U.S.C. § 1983 liability. Third, Defendant Fishbein is entitled to absolute prosecutorial immunity. Fourth, the State Defendants have taken no action to deprive the Plaintiff of his civil rights. Fifth, the State Defendants, in their individual capacities, are entitled to qualified immunity.

Sixth, the complaint fails to comply with the minimum pleading requirements of Fed. R. Civ.

Pro. 8(a) and 8(c), and fails to state a claim upon which relief can be granted.

> Respectfully submitted,
> JOSHUA FISHBEIN and ALAN LEBOVIDGE
>
> By their Attorneys,
>
> THOMAS F. REILLY
> ATTORNEY GENERAL
>
> /s/ Anne Sterman
> Anne Sterman, BBO # 650426
> Assistant Attorney General
> Government Bureau/Trial Division
> One Ashburton Place, Room 1813
> Boston, MA  02108
> (617) 727-2200 x 2109

Date:   October 12, 2006

## CERTIFICATION UNDER LOCAL RULE 7.1

Counsel for the defendants Joshua Fishbein and Alan LeBovidge hereby certifies, pursuant to Local Rule 7.1(A)(2), that I attempted to confer with the *pro se* plaintiff, Craig Greene, concerning the issues set forth in Defendants' Motion to Dismiss.  In attempting to confer with Plaintiff, on October 6, 2006 I sent him a letter by certified mail requesting that we confer.

> /s/ Anne Sterman
> Anne Sterman, Assistant Attorney General
> Government Bureau/Trial Division

## <u>CERTIFICATE OF SERVICE</u>

I, Anne Sterman, hereby certify that I have this date, October 12, 2006, served the foregoing **document** upon all parties, by mailing a copy first class, postage prepaid mail to:

Craig A. Greene, Pro se
1551 Center St.
Roslindale, MA  02131

/s/ Anne Sterman_____
Anne Sterman, Assistant Attorney General
Government Bureau/Trial Division